[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13998
Non-Argument Calendar

_____

Agency No. A96-086-333

CARLOS EDUARDO RESTREPO-NORENA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 7, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos Eduardo Restrepo-Norena, a citizen of Colombia, petitions for review of the Board of Immigration Appeals' (BIA's) order, denying his motion to reopen his removal proceedings. He contends the BIA erred by denying his motion in light of new, previously unavailable affidavits from his brothers, stating that guerillas believed he was a political activist. He asserts these new affidavits establish he will be persecuted for his imputed political opinion.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). In this area, the BIA's discretion is "quite broad." *Anin v. Reno*, 188 F.3d 1273, 1276 (11th Cir. 1999). The BIA "should have the right to be restrictive" in granting motions to reopen because:

> [g]ranting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case. It will also waste the time and efforts of immigration judges called upon to preside at hearings automatically required by the prima facie allegations.

*INS v. Abudu*, 108 S. Ct. 904, 913 (1988).

An alien who has been ordered removed may file one motion to reopen proceedings, in which he must set forth the new facts to be proved at a reopened proceeding, supported by evidentiary material. 8 U.S.C. § 1229a(c)(7)(A), (B). The BIA has the authority to reopen any case upon which it has rendered a

2

decision if it finds the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The BIA may deny a motion to reopen "for at least three reasons: (1) failure to establish a prima facie case of eligibility for asylum or withholding of removal; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Li*, 488 F.3d at 1374-75.

The BIA did not abuse its discretion in denying Restrepo's motion to reopen his removal proceedings. The BIA found Restrepo's brothers' affidavits contradicted both (1) Restrepo's prior characterization of his political activity as limited, and (2) Restrepo's written statement, which made no reference to any political activity. While Restrepo argues his brothers' statements demonstrated the FARC imputed a political opinion upon him, the BIA reasonably found that neither the brothers' affidavits, nor any other evidence in the record, explained why anyone would consider him a political activist, much less the best one in his department. These shortcomings warranted the BIA's decision to deny the motion on the bases that (1) Restrepo failed to establish a prima facie case of eligibility for asylum or withholding of removal; and (2) even had he demonstrated eligibility for

3

asylum or withholding of removal, he was not entitled to a favorable exercise of discretion. *See Li*, 488 F.3d at 1374-75. Accordingly, we deny the petition for review.

**PETITION DENIED.**